Village Medical Supply, Inc., a/a/o Tyshaan James, Plaintiff-Appellant, 
against
Travelers Property Casualty Company of America, Defendant-Respondent.



Plaintiff appeals from an order the Civil Court of the City of New York, Bronx County (Lizbeth Gonzalez, J.), entered June 20, 2011, which granted defendant's motion for summary judgment dismissing the complaint.




Per Curiam.
Order (Lizbeth Gonzalez, J.), entered June 20, 2011, reversed, with $10 costs, and defendant's motion denied.
Defendant-insurer's motion for summary judgment dismissing the underlying first-party no-fault action should have been denied, inasmuch as it failed to submit competent proof of the assignor's nonappearance at scheduled independent medical examinations (IME) (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720, 721 [2006]). The affidavits of defendant's IME doctors lacked probative value, since they failed to state the basis of their recollection, some 12 months later, that the assignor did not appear on the scheduled IME dates (see Metro 8 Med. Equip., Inc. v ELRAC, Inc. d/b/a Enterprise Rent-A-Car, — Misc 3d &mdash, 2016 NY Slip Op 50174[U][App Term, 1st Dept]). Nor may personal knowledge of nonappearances at the IMEs be established in sole reliance on the affidavit of the IME scheduling vendor, since the "mere fact that the recording of [the] third-party statements [of non-appearances] by the [IME doctor] might be routine, imports no guarantee of the truth, or even reliability, of those statements" (Matter of Leon RR, 48 NY2d 117, 123 [1979]; Metro 8 Med. Equip., Inc., 2016 NY Slip Op 50174[U], supra; cf. Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 508 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 21, 2016