New Way Acupuncture, P.C., as Assignee of JOSEFA GUERRERO, Respondent,
against
New York Central Mutual Fire Ins. Co., Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Carol Ruth Feinman, J.), entered July 15, 2013, deemed from a judgment of the same court entered December 17, 2013 (see CPLR 5501 [c]). The judgment, entered pursuant to the July 15, 2013 order denying defendant's motion for summary judgment dismissing the complaint and granting plaintiff's cross motion for summary judgment, awarded plaintiff the principal sum of $3,075.




ORDERED that the judgment is reversed, with $30 costs, so much of the order entered July 15, 2013 as granted plaintiff's cross motion for summary judgment is vacated, and plaintiff's cross motion is denied.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from an order of the Civil Court entered July 15, 2013 which denied defendant's motion for summary judgment dismissing the complaint and granted plaintiff's cross motion for summary judgment. A judgment was subsequently entered pursuant to the order, awarding plaintiff the principal sum of $3,075, from which the appeal is deemed to have been taken (see CPLR 5501 [c]).
Defendant's motion was properly denied, as defendant failed to establish, as a matter of law, that plaintiff's assignor had failed to appear for duly scheduled independent medical examinations. Among other things, the affidavit attesting to the second failure to appear indicates, on its face, that it had been notarized before it was signed (see e.g. 97 NY Jur 2d, Summary Judgment, Etc. § 47 [proof in support of summary judgment must be in evidentiary form]).
However, as defendant argues, plaintiff failed to demonstrate its prima facie entitlement to summary judgment, as the proof submitted in support of its cross motion failed to establish that the claim at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued a timely denial of claim that was conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the judgment is reversed, so much of the order entered July 15, 2013 as granted plaintiff's cross motion is vacated, and plaintiff's cross motion is denied.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: October 13, 2016