Delta Diagnostic Radiology, P.C., as Assignee of Philip Andrews, Appellant,
against
Citiwide Auto Leasing, Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
Miller, Leiby & Associates, P.C. (Stacia Ury, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (William A. Viscovich, J.), entered May 12, 2014. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is reversed, with $30 costs, plaintiff's motion for summary judgment is granted, defendant's cross motion for summary judgment dismissing the complaint is denied, and the matter is remitted to the Civil Court for the calculation of statutory interest and an assessment of attorney's fees.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment. Defendant cross-moved for summary judgment dismissing the complaint on the ground that defendant had timely and properly denied the claims based upon a "late notice of claim," because the "No-Fault application was not received within 30 days from the date of the accident." Plaintiff appeals from an order of the Civil Court which denied plaintiff's motion and granted defendant's cross motion.
As plaintiff argues on appeal, the affidavit of defendant's claims manager, which was submitted in support of defendant's cross motion and in opposition to plaintiff's motion, states that one day after the accident, defendant received notice of the accident when plaintiff's assignor "appeared in [d]efendant's rental location and completed an Accident/Damage report." Defendant's cross motion demonstrates that defendant provided plaintiff's assignor with an accident/damage report, which plaintiff's assignor completed, as well as the police accident report which identified plaintiff's assignor as the driver of defendant's vehicle which was in the accident. Consequently, defendant received written notice of the accident within 30 days of its occurrence (see 11 NYCRR § 65-1.1). To the extent defendant contends that this issue is not preserved for appellate review because it is being raised by plaintiff for the first time on appeal, defendant's argument lacks merit because "questions of law which appear on the face of the record and which could not have been avoided if raised at the proper juncture may be raised for [*2]the first time on appeal" (Muniz v Mount Sinai Hosp. of Queens, 91 AD3d 612, 618 [2012]). As a result, defendant's cross motion for summary judgment should have been denied.
The affidavit plaintiff submitted in support of its motion for summary judgment established plaintiff's submission of the claim forms. Since the sole ground upon which defendant's denial of claims forms were based lacks merit, defendant failed to otherwise demonstrate the existence of a triable issue of fact with respect to plaintiff's entitlement to recover upon the claims at issue. Consequently, the record establishes plaintiff's prima facie case (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 506 [2015]) and plaintiff is entitled to summary judgment.
Accordingly, the order is reversed, plaintiff's motion for summary judgment is granted, defendant's cross motion for summary judgment dismissing the complaint is denied, and the matter is remitted to the Civil Court for the calculation of statutory interest and an assessment of attorney's fees, pursuant to Insurance Law § 5106 (a) and the regulations promulgated thereunder.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 14, 2017