Adelaida M. Laga, P.T., as Assignee of Mustapha, Jimoh, Respondent, 
against
GEICO Ins. Co., Appellant.




The Law Office of Printz & Goldstein (Lawrence J. Chanice, Esq.), for appellant.
The Rybak Firm, PLLC (Damin J. Toell, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered August 5, 2014, deemed from a judgment of the same court entered August 21, 2014 (see CPLR 5501 [c]). The judgment, entered pursuant to the August 5, 2014 order granting plaintiff's motion for summary judgment and denying defendant's cross motion for summary judgment dismissing the complaint, awarded plaintiff the principal sum of $3,344.87.




ORDERED that the judgment is reversed, with $30 costs, so much of the order entered August 5, 2014 as granted plaintiff's motion for summary judgment is vacated, and plaintiff's motion for summary judgment is denied.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from an order of the Civil Court entered August 5, 2014 which granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment dismissing the complaint. A judgment was subsequently entered, from which the appeal is deemed to have been taken (see CPLR 5501 [c]).
Plaintiff failed to demonstrate its prima facie entitlement to summary judgment, as the [*2]proof submitted by plaintiff in support of its motion failed to establish that the claim at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]) or that defendant had issued a timely denial of claim that was conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). As plaintiff failed to establish its prima facie case, its motion for summary judgment should have been denied.
However, the Civil Court properly denied defendant's cross motion for summary judgment. Contrary to defendant's contention, the papers submitted in support of its cross motion did not establish, as a matter of law, that the fees charged exceeded the amounts set forth in the workers' compensation fee schedule (see Rogy Med., P.C. v Mercury Cas. Co., 23 Misc 3d 132[A], 2009 NY Slip Op 50732[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]) or that plaintiff's assignor had failed to appear for independent medical examinations (see Bright Med. Supply Co. v IDS Prop. & Cas. Ins. Co., 40 Misc 3d 130[A], 2013 NY Slip Op 51123[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Alrof, Inc. v Safeco Natl. Ins. Co., 39 Misc 3d 130[A], 2013 NY Slip Op 50458[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). 
Accordingly, the judgment is reversed, so much of the order entered August 5, 2014 as granted plaintiff's motion for summary judgment is vacated, and plaintiff's motion for summary judgment is denied.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 08, 2017