Pierre Jean Jacques Renelique, as Assignee of Pauline Service, Appellant, 
against
American Transit Ins. Co., Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum, Esq.), for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Carmen R. Velasquez, J.), entered July 14, 2014, deemed an appeal, on the ground of inadequacy, from a judgment of the same court entered August 14, 2014 (see CPLR 5512 [a]). The judgment, entered pursuant to the July 14, 2014 order granting plaintiff's motion for summary judgment only to the extent of awarding plaintiff the principal sum of $11.45 and granting defendant's cross motion for summary judgment to the extent of dismissing the remainder of the complaint, awarded plaintiff the principal sum of $11.45.




ORDERED that the judgment is reversed, with $30 costs, so much of the order entered July 14, 2014 as granted defendant's cross motion for summary judgment to the extent of dismissing so much of the complaint as sought a sum greater than $11.45 is vacated, and defendant's cross motion, insofar as reviewed, is denied. 
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff seeks to recover the sum of $3,748.69 for services rendered. Plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint, alleging that, after receiving the bill in question on August 17, 2012, defendant denied the claim in full on September 11, 2012 but had subsequently paid the sum of $256.34 on December 13, 2012. Defendant conceded in its cross motion that, in accordance with the workers' compensation fee [*2]schedule, it should have paid plaintiff $267.79, and agreed that it should pay the difference of $11.45 with appropriate interest. By order entered July 14, 2014, the Civil Court granted plaintiff's motion only to the extent of awarding plaintiff the principal sum of $11.45, plus statutory interest thereon, and granted defendant's cross motion for summary judgment to the extent of dismissing the remainder of the complaint. Plaintiff's appeal from the July 14, 2014 order is deemed to be an appeal, on the ground of inadequacy, from the judgment entered pursuant thereto on August 14, 2014 (see CPLR 5512 [a]). 
Plaintiff correctly argues that defendant did not demonstrate, as a matter of law, that the sum of $267.79 would fully compensate plaintiff for the services at issue in accordance with the workers' compensation fee schedule. Consequently, defendant's cross motion, insofar as reviewed, should have been denied. 
However, plaintiff failed to establish its prima facie entitlement to summary judgment on any amount in excess of $11.45, since the proof submitted by plaintiff failed to establish that the claim had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]) or that defendant had issued a timely denial with respect thereto that was conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
We note that plaintiff correctly argues that it will, at the conclusion of this case, be entitled to recover statutory interest on the sum of $256.34 for the period between the date on which that sum became due and the date on which defendant paid it, and on the sum of $11.45 for the period between the date on which that sum became due and the date on which defendant will have paid it (see Optimal Well-Being Chiropractic, P.C. v MVAIC, 46 Misc 3d 134[A], 2014 NY Slip Op 51861[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). 
Accordingly, the judgment is reversed, so much of the order entered July 14, 2014 as granted defendant's cross motion for summary judgment to the extent of dismissing so much of the complaint as sought a sum greater than $11.45 is vacated, and defendant's cross motion, insofar as reviewed, is denied.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 15, 2017