Thomas J. Tesi, M.S., D.C., P.C., as Assignee of Alisha McKenzie, Respondent,
against
Hereford Insurance Co., Appellant.




Rubin, Fiorella & Friedman, LLP (Harlan R. Schreiber, Esq.), for appellant.
Law Office of Marina Josovic, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Katherine A. Levine, J.), entered April 8, 2016. The order granted plaintiff's motion for summary judgment and implicitly denied defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that plaintiff's motion for summary judgment is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from an order of the Civil Court which granted plaintiff's motion for summary judgment and implicitly denied defendant's cross motion which had sought summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed to appear for duly scheduled independent medical examinations (IMEs).
Defendant correctly argues that plaintiff failed to make a prima facie showing of its entitlement to summary judgment, as plaintiff failed to establish that its claims had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely denial of claim forms that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). 
However, contrary to defendant's further argument, defendant did not demonstrate that it is entitled to summary judgment dismissing the complaint based on plaintiff's assignor's failure to appear for IMEs, as the initial IME had not been scheduled to be held within 30 calendar days after defendant's receipt of plaintiff's claims (see 11 NYCRR 65-3.5 [d]).
Defendant's remaining contentions lack merit.
Accordingly, the order is modified by providing that plaintiff's motion for summary judgment [*2]is denied.
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 16, 2018