Ksenia Pavlova, D.O., as Assignee of Cosby Reavis, Appellant, 
against
Allstate Insurance Company, Respondent.




The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Peter C. Merani, P.C. (Eric M. Wharburg of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Devin P. Cohen, J.), entered April 14, 2016. The order, insofar as appealed from, denied the branch of plaintiff's motion seeking summary judgment on so much of the complaint as sought to recover for services billed under CPT code 20999 and granted the branch of defendant's cross motion seeking summary judgment dismissing that portion of the complaint.




ORDERED that the order, insofar as appealed from, is modified by providing that the branch of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover for services billed under CPT code 20999 is denied; as so modified, the order, insofar as appealed from, is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from so much of an order of the Civil Court as denied the branch of plaintiff's motion seeking summary judgment on so much of the complaint as sought to recover for services billed under CPT code 20999 and granted the branch of defendant's cross motion seeking summary judgment dismissing that portion of the complaint.
As plaintiff failed to demonstrate prima facie that its claim for the services at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued a timely denial of claim that was conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 [*2]AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]), plaintiff failed to establish its prima facie entitlement to judgment as a matter of law with respect to its claim for these services. Consequently, plaintiff's motion for summary judgment on the portion of the complaint that sought to recover for these services was properly denied.
It is undisputed that defendant denied plaintiff's claim for services billed under CPT code 20999 in its entirety. Because the workers' compensation fee schedule has assigned a "By Report" designation for that CPT code, a provider billing under that CPT code is required to furnish certain additional documentation to enable the insurer to determine the appropriate amount of reimbursement. Plaintiff properly argues that where, as here, a provider does not provide such documentation with its claim form, and the insurer will not pay the claim as submitted, 11 NYCRR 65-3.5 (b) requires the insurer to, within 15 business days of its receipt of the claim form, request "any additional verification required by the insurer to establish proof of claim" (see Bronx Acupuncture Therapy, P.C. v Hereford Ins. Co., 54 Misc 3d 135[A], 2017 NY Slip Op 50101[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Thus, defendant's denial of payment for the services billed under CPT code 20999 on the ground that plaintiff had failed to provide sufficient documentation, where defendant did not demonstrate that it had requested any such documentation, was not proper and the branch of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover for services billed under that CPT code should have been denied.
Accordingly, the order, insofar as appealed from, is modified by providing that the branch of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover for services billed under CPT code 20999 is denied.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 16, 2018