Zen Acupuncture, P.C., as Assignee of Figueroa Lizzette, Respondent, 
against
Ameriprise Insurance Company, Appellant. 




Bruno, Gerbino & Soriano, LLP (Nathan M. Shapiro of counsel), for appellant.
Law Office of Melissa Betancourt, P.C. (Melissa Betancourt of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Theresa M. Ciccotto, J.), entered March 28, 2017. The order denied defendant's motion for summary judgment dismissing the complaint and granted plaintiff's cross motion for summary judgment.




ORDERED that the order is modified by providing that plaintiff's cross motion for summary judgment is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from an order of the Civil Court denying defendant's motion which had sought summary judgment dismissing the complaint on the ground that plaintiff had failed to appear for duly scheduled examinations under oath (EUOs) and granting plaintiff's cross motion for summary judgment.
Contrary to defendant's contention, defendant failed to demonstrate that it was entitled to summary judgment dismissing the complaint based on the failure to appear for EUOs, since the initial EUO request to plaintiff had been sent more than 30 days after defendant had received the claims at issue and, therefore, the requests were nullities as to those claims (see Neptune Med. Care, P.C. v Ameriprise Auto & Home Ins., 48 Misc 3d 139[A], 2015 NY Slip Op 51220[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; O & M Med., P.C. v Travelers Indem. Co., 47 Misc 3d 134[A], 2015 NY Slip Op 50476[U] [App Term, 2d Dept, 2d, 11th & 13th Jud [*2]Dists 2015]).
Plaintiff's cross motion for summary judgment should have been denied as the proof submitted by plaintiff failed to establish that the claims had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely denial of claim forms that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order is modified by providing that plaintiff's cross motion for summary judgment is denied.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 02, 2019