Bronx Acupuncture Therapy, P.C. v Hereford Ins. Co. (2019 NY Slip Op 06059)





Bronx Acupuncture Therapy, P.C. v Hereford Ins. Co.


2019 NY Slip Op 06059


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-00535
 (Index No. 43955/13)

[*1]Bronx Acupuncture Therapy, P.C., as assignee of Dulce Baez, respondent, 
v
Hereford Ins. Co., appellant.


Goldberg, Miller & Rubin, P.C., New York, NY (Harlan R. Schreiber of counsel), for appellant.
Gary Tsirelman, P.C., Brooklyn, NY (David M. Gottlieb and Stefan Belinfanti of counsel), for respondent.



DECISION & ORDER
In an action to recover no-fault benefits, the defendant appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts dated October 27, 2017. The order reversed so much of an order of the Civil Court of the City of New York, Kings County (Devin P. Cohen, J.), entered July 18, 2014, as (1) granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover no-fault benefits for services billed under CPT code 97039 (moxibustion), and (2) denied that branch of the plaintiff's cross motion which was for summary judgment on that cause of action, and the order dated October 27, 2017, thereupon denied that branch of the defendant's motion and granted that branch of the plaintiff' cross motion.
ORDERED that the order dated October 27, 2017, is affirmed, with costs.
The plaintiff commenced this action in the Civil Court of the City of New York, Kings County, to recover the sum of $727.36, the cost of the unpaid services rendered to its assignor, Dulce Baez. The defendant answered the complaint and asserted as a fourth affirmative defense that "[a]n unlisted modality has been billed" for which "[d]ocumentation of the type of modality, a description of services, and if there has been constant attendance, the amount of time is required for payment."
The defendant subsequently moved, and the plaintiff cross-moved, for summary judgment. The Civil Court granted the defendant's motion and denied the plaintiff's cross motion, concluding that the defendant had "paid the claims as per the proper fee schedule." The plaintiff appealed the order of the Civil Court to the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts.
The Appellate Term reversed the order insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover for services billed under CPT code 97039 (moxibustion), and granted that branch of the plaintiff's cross motion which was for summary judgment on that cause of action. By further order of the Appellate Term, the defendant was granted leave to appeal to this Court.
The no-fault law "is aimed at ensuring prompt compensation for losses incurred by accident victims without regard to fault or negligence, to reduce the burden on the courts and to provide substantial premium savings to New York motorists'" (Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 504-505, quoting Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d 854, 860). "The legislative design of the no-fault insurance scheme demonstrates an interest in prompt resolution of reimbursement claims, a desire to avoid litigation, and statutory consequences on an insurer to incentivize it to seek verification of a claim, deny it, or pay" (Viviane Etienne Med. Care, P.C. v Country-Wide Inc. Co., 25 NY3d at 506-507).
"Within 30 calendar days after receipt of the proof of claim for no-fault benefits, an insurer can either pay the claim, in whole or in part, deny it, or seek verification of it" (Sound Shore Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 106 AD3d 157, 162; see Insurance Law § 5106[a]; 11 NYCRR 65-3.8[c]; Westchester Med. Ctr v Nationwide Mut. Ins. Co., 78 AD3d 1168, 1168). "Subsequent to the receipt of one or more of the completed verification forms [used to establish proof of claim], any additional verification required by the insurer to establish proof of claim shall be requested within 15 business days of receipt of the prescribed verification forms" (11 NYCRR 65-3.5[b]). "If an insurer seeks additional verification, . . . the 30-day window is tolled until it receives the relevant information requested" (Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d 312, 317 [ citation omitted]). In Hospital for Joint Diseases v Travelers Prop. Cas. Inc. Co., the Court of Appeals wrote "[w]e concur" with "Appellate Division case law [that] consistently holds that a carrier's failure to seek verification or object to the adequacy of claim forms pursuant to 11 NYCRR 65-3.5 precludes it from interposing any defenses based on such deficiencies" (id. at 318).
Here, moxibustion therapy was billed under CPT code 97039, which is described as an "unlisted modality." "The workers' compensation fee schedules do not assign a relative value to . . . [this] code[ ], but instead have assigned [it] a By Report' designation, which requires a provider to furnish certain additional documentation to enable the insurer to determine the appropriate amount of reimbursement" (Bronx Acupuncture Therapy, P.C. v Hereford Ins. Co., 54 Misc 3d 135[A], 2017 NY Slip Op 50101[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
The defendant maintains that it properly denied payment of the charges listed under CPT code 97039 "because the provider failed to provide pertinent information concerning the nature, extent, and need for the service, or the time, the skill and the equipment necessary." In other words, the denial of the plaintiff's claim was based on the lack of sufficient information.
We agree with the Appellate Term's determination that the denial of the plaintiff's claim for services billed under CPT code 97039 was without merit as a matter of law. Although an unlisted modality must be justified by report, this requirement has no bearing on the insurer's burden of requesting additional verification in the first instance (see Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d at 319), which the defendant insurer did not do. Since there is no dispute that the defendant received the requisite claim form and that the denial of the claim was without merit as a matter of law, summary judgment on the cause of action to recover for services billed under CPT code 97039 (moxibustion) was properly awarded to the plaintiff.
MASTRO, J.P., BALKIN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court