Total Chiropractic, P.C. v Hereford Ins. Co. (2020 NY Slip Op 51362(U))

[*1]

Total Chiropractic, P.C. v Hereford Ins. Co.

2020 NY Slip Op 51362(U) [69 Misc 3d 142(A)]

Decided on November 13, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 13, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-2119 K C

Total Chiropractic, P.C., as Assignee of
Dumesle, Joseph, Respondent, 
against
Hereford Insurance Co., Appellant. 

Goldberg, Miller & Rubin, P.C. (Matthew Lavoie and Timothy Bishop of counsel), for
appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Odessa
Kennedy, J.), entered September 12, 2018, deemed from a judgment of that court entered
October 11, 2018 (see CPLR 5501 [c]). The judgment, entered pursuant to the September 12,
2018 order granting plaintiff's motion for summary judgment and denying defendant's cross
motion for summary judgment dismissing the complaint, awarded plaintiff the principal sum of
$3,900.

ORDERED that the judgment is reversed, with $30 costs, so much of the order entered
September 12, 2018 as granted plaintiff's motion for summary judgment is vacated, and plaintiff's
motion is denied.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from an order of the Civil Court which granted plaintiff's motion for summary judgment
and denied defendant's cross motion which had sought summary judgment dismissing the
complaint on the ground that plaintiff's assignor had failed to appear for duly scheduled
independent medical examinations (IMEs). A judgment was subsequently entered on October 11,
2018, from which the appeal is deemed to have been taken (see CPLR 5501 [c]).
Defendant correctly argues that plaintiff failed to make a prima facie showing of its
entitlement to summary judgment, as plaintiff failed to establish that its claims had not been
[*2]timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d
498 [2015]), or that defendant had issued timely denial of claim forms that were conclusory,
vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d
1168 [2010]; Ave T MPC Corp. v
Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2011]).
However, contrary to defendant's further argument, defendant did not demonstrate that it is
entitled to summary judgment dismissing the complaint based on plaintiff's assignor's failure to
appear for IMEs, as the initial IME had not been scheduled to be held within 30 calendar days
after defendant's receipt of plaintiff's claims (see 11 NYCRR 65-3.5 [d]).
Defendant's remaining contention lack merit.
Accordingly, the judgment is reversed, so much of the order entered September 12, 2018 as
granted plaintiff's motion for summary judgment is vacated, and plaintiff's motion is denied.
ALIOTTA, P.J., ELLIOT and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 13, 2020