Health E. Ambulatory Surgical Ctr. v Country-Wide Ins. Co. (2024 NY Slip Op 51346(U))

[*1]

Health E. Ambulatory Surgical Ctr. v Country-Wide Ins. Co.

2024 NY Slip Op 51346(U)

Decided on September 30, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 30, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570101/24

Health East Ambulatory Surgical Center a/a/o Jose Brito, Plaintiff-Respondent,
against
Country-Wide Insurance Company Defendant-Appellant.

Defendant appeals from a "decision and order" of the Civil Court of the City of New York, Bronx County (Myrna Socorro, J.), entered on or about May 15, 2020, and a judgment (same court and Judge), entered March 18, 2022, after a nonjury trial, in favor of plaintiff and awarding it damages in the principal sum of $19,646.13.

Per Curiam.
Judgment (Myrna Socorro, J.), entered March 18, 2022, reversed, with $30 costs, and complaint dismissed. Appeal from "decision and order" (Myrna Socorro, J.), entered on or about May 15, 2020, dismissed, without costs, as subsumed in the appeal from the judgment.
In this first-party no-fault action, which came on for trial after having been marked "final," the trial transcript consists of barely nine pages of colloquy between the court and respective counsel. No witnesses were sworn or evidence received. Instead, plaintiff-provider referenced admissions made by defendant-insurer in defendant's prior motion for summary judgment, regarding, inter alia, its receipt of plaintiff's claim. Following these abbreviated proceedings, a judgment was entered in plaintiff's favor in the principal sum of $19,646.13. 
We reverse. The sole evidence relied upon by plaintiff, while sufficient to establish defendant's receipt of the claim (see generally Fair Price Med. Supply, Inc. v St. Paul Travelers Ins. Co., 16 Misc 3d 8, 2007 NY Slip Op 27173 [App Term, 1st Dept 2007]), also established that defendant timely sought verification, which was not provided. As a result, plaintiff failed to establish, prima facie, that the claim was overdue i.e., was not "denied or paid" within the prescribed 30—day period (see 11 NYCRR 65-3.8[c]; Insurance Law § 5106[a]; Viviane Etienne Med. Care, P.C. v. Country—Wide Ins. Co., 25 NY3d 498, 507 [2015]). Therefore, the complaint should have been dismissed.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: September 30, 2024