Halgene Watch Ltd. v Alex Capital Fund, LLC (2025 NY Slip Op 05301)

Halgene Watch Ltd. v Alex Capital Fund, LLC

2025 NY Slip Op 05301

Decided on October 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 02, 2025

Before: Moulton, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Index No. 654217/24|Appeal No. 4826-4827|Case No. 2025-00912 2025-00913|

[*1]Halgene Watch Ltd., et al., Plaintiffs-Respondents,
v
Alex Capital Fund, LLC, et al., Defendants-Appellants. 

Rosenberg & Steinmetz PC, Valley Stream (Nathan Cohen of counsel), for appellants.
Twersky PLLC, New York (Aaron Twersky of counsel), for respondents.

Judgment, Supreme Court, New York County (Nancy M. Bannon, J.), entered February 13, 2025, which awarded plaintiffs a money judgment of $841,075.43, and bringing up for review an order, same court and Justice, entered on or about December 11, 2024, which granted plaintiffs' motion under CPLR 3213 for summary judgment in lieu of complaint, unanimously reversed, on the law, with costs, the motion denied, the judgment vacated, this Court's March 27, 2025 stay lifted, and the matter remanded to Supreme Court to be converted to a plenary action. Judgment, same court and Justice, entered February 13, 2025, which awarded plaintiffs attorneys' fees in the amount of $37,211.87, and bringing up for review a supplemental order, same court and Justice, entered on or about January 10, 2025, which granted plaintiffs' request for attorneys' fees, unanimously reversed, on the law, with costs, and the judgment and supplemental order vacated.
Plaintiffs failed to establish their prima facie entitlement to summary judgment in lieu of complaint under CPLR 3213 (see Weissman v Sinorm Deli, 88 NY2d 437, 444 [1996]). Although the note and guaranty at issue are instruments for the payment of money qualifying for CPLR 3213 relief, plaintiffs' failure to describe the amount and timing of the payments made by defendants and plaintiffs' method of calculating interest on the loan did not establish a sum certain due and owing (id.). Supreme Court's November 19, 2024 interim order permitting the parties to simultaneously supplement their papers on or before December 2, 2024 deprived defendants of the opportunity to respond to plaintiffs' spreadsheet submitted on the deadline, which purported to show, for the first time, how plaintiffs calculated the accrual of nearly $1.2 million in interest on the $600,000 note.
In addition, plaintiffs' spreadsheet calculations are facially incorrect because they do not apply interest rates set forth in the note. As relevant here, the note provides for interest rate of 12% per annum on the outstanding balance. The note goes on to provide in relevant part, "From and after any event of default hereunder, interest shall accrue on the sum of the principal balance and accrued interest then outstanding at the variable rate equal to the Lender's Prime Rate plus 5% per annum." Although plaintiffs maintain that this language requires the interest rate to be calculated at the lender's prime rate plus 17%, compounded monthly, with a maximum of 24% interest per annum under Maryland law, this interpretation is not supported by the plain language of the note. The note's stated default rate of "Lender's Prime Rate plus 5% per annum" is susceptible only to its literal meaning.
Plaintiffs contend that it would be "absurd" to interpret the note to mean what it says because it would provide for a lower interest rate than the contract rate (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). We reject this argument, as it is not absurd to hold plaintiffs to the unambiguous terms of the note.
Plaintiffs' calculations are also incorrect on their face because even if the default rate plus the original contract rate of 12% per annum applied, it would not be permissible to compound the prime rate plus 17% on a monthly basis under Maryland law (see Annotated Code of Maryland, Commercial Law § 12-306[a][6][ii]). Furthermore, the spreadsheet, even if it could be said to reflect plaintiffs' member's knowledge of the facts, obscures the precise prime rate on which plaintiffs relied to calculate the amounts outstanding, which appears to have varied from the actual prime rate in effect for certain intervals (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 508 [2015]). Accordingly, based on the disputed facts, the matter must proceed to discovery as a plenary action.
Because plaintiffs have not prevailed on the motion for summary judgment in lieu of complaint, the award of attorneys' fees is not warranted. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 2, 2025