Parisien v Lancer Ins. co (2025 NY Slip Op 51799(U))

[*1]

Parisien v Lancer Ins. co

2025 NY Slip Op 51799(U)

Decided on November 14, 2025

Civil Court Of The City Of New York, Kings County

Roper, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 14, 2025
Civil Court of the City of New York, Kings County

Jules Francois Parisien, M.D. As Assignee Of 
 GOMEZ-TORRES, RAMON A, Plaintiff, 
against
Lancer Insurance co, Defendant.

Index No. 739305/17

The Rybak Firm PLLC, Brooklyn, for Plaintiff.
McDonnell, Adels & Klestzick, PLLC, Garden City, for Defendant.

Sandra Elena Roper, J.

Upon application of the parties, as a matter of judicial economy and efficiency, the instant case was heard with similarly situated actions as a joint trial. After Plaintiff rested without making its prima facie case, Defendant made application for directed verdict. The Court granted Defendant's application for directed verdict as the Plaintiff failed to prove their prima facie case by admissible evidence. The parties did not stipulate to each other's prima facie case and Plaintiff failed to produce a witness or any admissible evidence to this Court to establish their prima facie case (see Viviane Etienne Medical Care, P.C. v. Country-Wide Ins. Co., 25 NY3d 498, 14 NYS 3d 283 (Court of Appeals, 2015). Here, the Court of Appeals states, "[w]e reaffirm the long-standing precedent that, in this context, the plaintiff makes a prima facie showing of entitlement to judgment as a matter of law by submitting evidence, in admissible form, that the prescribed statutory billing forms were mailed to and received by the defendant insurer, which failed to either pay or deny the claim within the prescribed 30—day period" (see 114 AD3d at 35, 977 NYS 2d 292). Plaintiff's argument that as a matter of law previously held decision and order on the rejected Plaintiff's Cross-Motion for Summary Judgment which did not explicitly state that Plaintiff was required to put on its prima facie case by omission obviated Plaintiff's making its Prima facie case at Trial, was rejected. Rather, decision and order converted Plaintiff's Cross-Motion to an opposition with no granting of prima facie as an affirmative prayer for relief. Plaintiff's further argument that as a matter of law The Court is required to consider as an exception to the hearsay rule, admissions against its own interest in Defendant's Motion for Summary Judgment affidavits and supporting papers, which would establish Plaintiff's prima facie case, is procedurally improper at Trial and thus likewise rejected. Therefore, Plaintiff failed to meet its initial burden for its prima facie case. This Court finds Judgment in favor of Defendant for this instant action and all the similarly situated actions; All Cases Dismissed with Prejudice in This Joint Trial.
This Constitutes Decision and Order at Trial of This Court.
Dated: November 14, 2025
Hon. Sandra Elena Roper
Civil Court Judge (Kings County)
Brooklyn, New York