Health E. Ambulatory Surgical Ctr. v County-Wide Ins. Co. (2025 NY Slip Op 06648)

Health E. Ambulatory Surgical Ctr. v County-Wide Ins. Co.

2025 NY Slip Op 06648

Decided on December 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025

Before: Renwick, P.J., Scarpulla, Kapnick, Mendez, O'Neill Levy, JJ. 

Index No. 570101/24|Appeal No. 5272|Case No. 2024-07720|

[*1]Health East Ambulatory Surgical Center, etc., Plaintiff-Appellant,
v
County-Wide Insurance Company, Defendant-Respondent.

The Law Office of Martin S. Rapaport, PC, New York (Karen F. Neuwirth of counsel), for appellant.
Thomas Torto, New York (Jason Levine of counsel), for respondent.

Order, Appellate Term, First Department, entered on or about September 30, 2024, which reversed a judgment, Civil Court, Bronx County (Myrna Socorro, J.), entered March 18, 2022, after a nonjury trial, awarding plaintiff damages, unanimously reversed, on the law, without costs, and the judgment reinstated.
The trial court properly admitted, as plaintiff's evidence, defendant's summary judgment motion papers, in which defendant admitted that it had received plaintiff's notice of claim of services rendered to plaintiff's assignor. No witness was required in order to introduce this judicial admission, which went against defendant's position, into evidence (see Matter of Union Indem. Ins. Co. of N.Y., 89 NY2d 94, 103 [1996]; Guide to NY Evid rule 8.04, Admission by Party, https://www.nycourts.gov/judges/evidence/8-HEARSAY/8.04_ADMISSION_BY_PARTY.pdf), and defendant's counsel conceded at trial that defendant had filed the motion papers.
The court also properly impliedly declined to admit as evidence the statements made in the same motion papers to the effect that, six days after defendant received the notice of claim, it sent plaintiff a request for verification, as the statements, even though contained in affidavits, could not be used as evidence in chief at trial (see People v Wolf, 183 NY 464, 477 [1906]; see also State of New York v Metz, 241 AD2d 192, 199 [1st Dept 1998]). Although the statements concerning the verification requests were contained in the same motion papers as the judicial admission, which would ordinarily render them admissible under the "rule of completeness" (see Matter of Nassair S. [Chareshma T.], 144 AD3d 604, 605 [1st Dept 2016]; People v Dlugash, 41 NY2d 725, 736 [1977]), defendant did not make an offer of proof at trial seeking to admit those statements, thus the issue of whether the verification requests were sent was not preserved for appeal (see Matter of Nassair S., 144 AD3d at 605). In addition, defendant did not argue at trial or on appeal to the Appellate Term that the verification requests were admissible at trial as business records. Defendant's admission that it had received plaintiff's notice of claim was sufficient to establish plaintiff's prima facie case at trial (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 501 [2015]). As to whether defendant's payment was overdue (see id.), defendant conceded that it did not pay or deny the claim within the prescribed 30-day period. Instead, defendant's sole contention on appeal is that it timely sent verification requests to plaintiff. However, it was defendant's burden at the trial to establish that the verification requests were sent (see Sound Shore Med.
Ctr. v New York Cent. Mut. Fire Ins. Co., 106 AD3d 157, 165 [2d Dept 2013]), not plaintiff's burden to establish that they were not sent.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2025