OPINION OF THE COURT
Memorandum.
Judgment reversed without costs, order granting plaintiffs motion for summary judgment vacated, plaintiffs motion for summary judgment denied, and, upon searching the record, summary judgment granted in favor of defendant dismissing the action.
In this action to recover assigned first-party no-fault benefits, plaintiff health care provider moved for summary judgment. In an affirmation in support of the motion, plaintiffs counsel stated that plaintiff billed defendant for 35 sessions of acupuncture with its licensed acupuncturist at a rate of $90 per session, for a total of $3,150. Defendant paid plaintiff for 35 sessions at a reduced rate of $29.30 per session, which, defendant claimed, was the amount paid to licensed chiropractors for similar services, for a total of $1,025.50. Plaintiff sought full reimbursement, or the remaining $2,124.50, contending that the amounts which it had charged were not unreasonable and were within the range of the prevailing fees in the geographic area in which plaintiff operated. Plaintiffs counsel stated that the prevailing fee for acupuncture services performed by licensed acupuncturists in New York City was between $85 and $100 per session, and added that said amounts were warranted given the extensive training required in order to become a licensed acupuncturist.
Defendant, in opposition, showed that it timely mailed its claim denial forms, which partially denied plaintiffs claims on the ground that the fees charged by plaintiff exceeded the maximum allowance under the applicable fee schedules. An employee of its claims division, who was responsible, inter alia, for reviewing fee schedules, noted in her affidavit that, since the workers’ compensation fee schedule did not specifically address acupuncture services performed by a licensed acupuncturist *25 who was neither a licensed physician nor a licensed chiropractor, defendant had reviewed the acupuncture fee schedules “already adopted or established by the superintendent” (i.e., for licensed physicians and licensed chiropractors), pursuant to the mandates of 11 NYCRR 68.5 (b), and had concluded that licensed acupuncturists should be reimbursed at a rate consistent with the amount established in the fee schedule for licensed chiropractors in the geographic region, or at $29.30 per session (as opposed to the amount established in the fee schedule for acupuncture services performed by a physician, which would have called for a payment of $42.84 per session for that geographic region). This conclusion was deemed by defendant to be “reasonable and appropriate, given a comparison of the New York State requirements regarding the educational level, experiential requirements and licensing requirements for medical doctors, chiropractors and individuals simply licensed to perform acupuncture.”
The court below granted plaintiffs motion for summary judgment, and defendant appealed, contending that plaintiff had been properly reimbursed in accordance with the rates set forth in the existing fee schedules. At issue is the appropriate fee to be paid for acupuncture services rendered by a licensed acupuncturist.
Insurance Law § 5102 (a) (1) defines “basic economic loss” as including “[a] 11 necessary expenses incurred for . . . professional health services” subject to the limitations of Insurance Law § 5108. The latter statute limits the amounts to be charged by providers of health services, and states that the charges for services specified in Insurance Law § 5102 (a) (1) “shall not exceed the charges permissible under the schedules prepared and established by the chairman of the workers’ compensation board . . . except where the insurer . . . determines that unusual procedures or unique circumstances justify the excess charge” (Insurance Law § 5108 [a]). The statute also authorizes the Superintendent of Insurance to “promulgate rules and regulations implementing and coordinating the provisions of’ the No-Fault Law and the Workers’ Compensation Law with respect to charges for the professional health services specified in Insurance Law § 5102 (a) (1), “including the establishment of schedules for all such services for which schedules have not been prepared and established by the chairman of the workers’ compensation board” (Insurance Law § 5108 [b]).
Part 68 (also known as Regulation 83) of the New York Insurance Department Regulations (11 NYCRR) governs the charges *26 for professional health services. The regulations provide that the “existing fee schedules prepared and established by the chairman of the Workers’ Compensation Board . . . are hereby adopted by the Superintendent of Insurance with appropriate modification so as to adapt such schedules for use pursuant to the provisions of section 5108 of the Insurance Law” (11 NYCRR 68.1 [a]). The fee schedules for professional health services referred to in Insurance Law § 5102 (a) (1), for which schedules have not been prepared and established by the Workers’ Compensation Board, may be established by the Superintendent, and are made part of Appendix 17-C of the regulations (11 NYCRR 68.2). Appendix 17-C does not contain a fee schedule for acupuncture services performed by a licensed acupuncturist.
The New York State Department of Insurance has stated that medically necessary acupuncture services rendered by a licensed acupuncturist are covered expenses, and are eligible for reimbursement under Insurance Law § 5102 (a) (1) (see Ops Gen Counsel NY Ins Dept No. 04-01-01). Where, as here, a professional health service has been performed which is reimbursable under Insurance Law § 5102 (a) (1), but such service is performed by a provider which is not included in the fee schedules established by the Workers’ Compensation Board, and if the Superintendent of Insurance has not adopted or established a fee schedule applicable to the particular provider, “then the permissible charge for such service shall be the prevailing fee in the geographic location of the provider subject to review by the insurer for consistency with charges permissible for similar procedures under schedules already adopted or established by the superintendent” (11 NYCRR 68.5 [b]).
The Department of Insurance has also concluded that while a licensed acupuncturist may bill an insurer for services rendered based upon the prevailing rate charged by other licensed acupuncturists in the same geographic area, “such billed fees may be reduced by insurers to those fees established in existing fee schedules for similar procedures reimbursable at fee rates in existing fee schedules, pursuant to section 68.5 (b) in Department Regulation 83” (see Ops Gen Counsel NY Ins Dept No. 04-10-03). The Department has specifically stated that it is:
“reasonable and appropriate, as well as consistent with the intent of Section 68.5 (b), for an insurer to reduce a prevailing regional rate when there is an established fee for similar services. . . . [WJere a *27 No-Fault insurer to review and equate services provided by a licensed acupuncturist as similar to acupuncture services provided by doctors or chiropractors, and such rate is less than the prevailing regional fee rate, it would be consistent with the regulation for an insurer to limit the reimbursable fee for necessary services provided by a licensed acupuncturist to the rates established for doctors and chiropractors performing a similar service.”
(Ops Gen Counsel NY Ins Dept No. 04-10-03.)
Responsibility for administering the Insurance Law rests with the Superintendent of Insurance (Insurance Law § 301), who has “broad power to interpret, clarify, and implement the legislative policy” (Ostrer v Schenck, 41 NY2d 782, 785 [1977] [internal quotation marks omitted]). It is a well-established principle of law that the Superintendent’s interpretation of its regulations, “if not irrational or unreasonable, will be upheld in deference to his special competence and expertise with respect to the insurance industry, unless it runs counter to the clear wording of a statutory provision” (State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313, 321 [2005], quoting Matter of New York Pub. Interest Research Group v New York State Dept, of Ins., 66 NY2d 444, 448 [1985]; Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d 854, 864 [2003]; see also Stephen Fogel Psychological, PC. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]).
We are in agreement with defendant that the lower court erred in granting plaintiffs motion for summary judgment. In support of its motion for summary judgment, plaintiff argued, in a conclusory affirmation of counsel, in anticipation of defendant’s position in opposition to the motion, that a licensed acupuncturist should receive a higher rate of reimbursement than the scheduled fee for acupuncture services rendered by a physician or a chiropractor because of the acupuncturist’s extensive training in the area. Significantly, plaintiff did not argue that the services performed by its licensed acupuncturist were dissimilar from acupuncture services listed for a physician or for a chiropractor provider on the established fee schedules, and that it was therefore entitled to a different reimbursement rate.
In opposition to the motion, defendant argued that it was following the guidelines of the Department of Insurance which authorized the insurer “to limit the reimbursable fee for neces *28 sary services provided by a licensed acupuncturist to the rates established for doctors and chiropractors performing a similar service” (Ops Gen Counsel NY Ins Dept No. 04-10-03), that it had reviewed the amounts charged by plaintiff “for consistency with charges permissible for similar procedures under schedules already adopted or established by the superintendent,” and that, based upon a comparison of the training and experience of licensed acupuncturists, physicians and chiropractors who perform acupuncture services, it was reducing the fee for the acupuncture services provided by plaintiff to the rates already adopted or established for chiropractors performing a similar service, in accordance with the provisions of 11 NYCRR 68.5 (b). We note that even though the fee schedules for acupuncture services performed by chiropractors are lower than the fee schedules for such services performed by physicians, the Department of Insurance did not give any guidance as to which particular fee schedule should be applied to a licensed acupuncturist in any particular instance, although the Department was aware of this differential (see Ops Gen Counsel NY Ins Dept 04-10-03).
Plaintiffs sole ground for summary judgment, i.e., that its rate of reimbursement should exceed the amounts prescribed in the fee schedules for both physicians and chiropractors because of the extensive training and experience required to become a licensed acupuncturist, has therefore been rejected by the Department of Insurance, which limited the fee for licensed acupuncturists to either one or the other. In view of the fact that there has been a lack of clarity regarding the appropriate fee schedule to apply for acupuncture services rendered by licensed acupuncturists, and since there has been increasing litigation on the issue, we strongly urge the Superintendent of Insurance to consider adopting a separate fee schedule for health services rendered by licensed acupuncturists. However, in the absence of same, upon the record presented, we apply the chiropractor fee schedule to the instant services. While physicians who practice acupuncture need only obtain certification in order to perform acupuncture (see Education Law § 8216; 8 NYCRR 60.9), chiropractors who practice acupuncture must be licensed to do so (see Education Law § 8214). Thus, licensed acupuncturists and chiropractors who wish to practice acupuncture are subject to similar training and educational requirements.
Under the circumstances presented herein, since it is undisputed that defendant has fully paid plaintiff the amounts *29 to which it is entitled under the fee schedules for acupuncture services performed by chiropractors, it is appropriate for this court to search the record and grant summary judgment to defendant dismissing the action (Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106 [1984]). Accordingly, the judgment is reversed, the order granting plaintiffs motion for summary judgment is vacated, plaintiffs motion for summary judgment is denied and, upon searching the record, the action is dismissed.
We note that inasmuch as plaintiffs constitutional arguments were not raised in the court of first instance, they were not preserved for appellate review, and we therefore decline to reach them (see Giordano v O’Neill, 131 AD2d 722 [1987]).