OPINION OF THE COURT
Memorandum.
*42 Order affirmed without costs and, upon searching the record, summary judgment granted to defendant dismissing plaintiffs cause of action with respect to those portions of plaintiffs claims seeking reimbursement of the unpaid balance of 23 acupuncture sessions conducted between February 9 and April 4, 2004.
In an action to recover assigned first-party no-fault benefits, a provider generally establishes its prima facie entitlement to summary judgment by proof of the submission of a claim form, setting forth the fact and the amount of the loss sustained, and that payment of no-fault benefits is overdue (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]). While defendant asserted that plaintiff did not prove a prima facie case because plaintiff, a provider of acupuncture services performed by a licensed acupuncturist, did not demonstrate that the fees it charged were within the prevailing fees for acupuncture services performed by a licensed acupuncturist in plaintiffs geographic location (see 11 NYCRR 68.5 [b]), such contention lacks merit since plaintiffs prima facie case does not require such a showing. Accordingly, the burden shifted to defendant to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]).
In opposition to plaintiffs motion for summary judgment, which sought to recover on four claims submitted to defendant with respect to 30 sessions of acupuncture performed from February 9 through May 12, 2004, defendant sufficiently demonstrated that it timely mailed the denial of claim forms at issue based upon its standard office practice or procedure (see Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679 [2001]). Plaintiff was not entitled to summaiy judgment on the claims pertaining to the seven sessions of acupuncture conducted from April 7 through May 12, 2004, which were denied based upon the results of an independent medical examination, since defendant’s papers were sufficient to demonstrate the existence of an issue of fact with respect to defendant’s defense of lack of medical necessity (see A.B. Med. Servs., PLLC v Liberty Mut. Ins. Co., 39 AD3d 779 [2007]; A.B. Med. Servs., PLLC v GEICO Cas. Ins. Co., 39 AD3d 778 [2007]).
Defendant’s opposing papers also demonstrated that defendant denied reimbursement for the unpaid balance of the remaining 23 acupuncture sessions conducted between February 9 and April 4, 2004 on the ground that the fees charged by *43 plaintiff exceeded the “maximum allowance under the applicable fee schedule^].” We agree that it was proper for defendant to use the workers’ compensation fee schedule for acupuncture services performed by chiropractors to determine the amount to which plaintiff was entitled upon the subject 23 sessions (Great Wall Acupuncture v GEICO Gen. Ins. Co., 16 Misc 3d 23 [App Term, 2d & 11th Jud Dists 2007]). Accordingly, there is no merit to plaintiffs assertion that because the fees charged were reasonable and were within the range of prevailing fees for licensed acupuncturists in the geographic area in which plaintiff operated, defendant should have paid the entire amount for these 23 sessions (id.; see also Ops Gen Counsel NY Ins Dept, No. 04-10-03 [Oct. 2004]).
Further, since it is undisputed that defendant has fully paid plaintiff $673.90 for the 23 acupuncture sessions, the amount to which plaintiff is entitled under the workers’ compensation fee schedule for acupuncture services performed by chiropractors, it is appropriate for this court to search the record and grant summary judgment to defendant dismissing plaintiffs cause of action to the extent that it seeks additional reimbursement for the 23 acupuncture sessions (Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106 [1984]).