[893 NYS2d 420]

GREAT WALL ACUPUNCTURE, P.C., as Assignee of Maria Gonzalez, Appellant, v GEICO INSURANCE COMPANY, Respondent.

Supreme Court, Appellate Term, Second Department, November 17, 2009

**APPEARANCES OF COUNSEL**

*Law Offices of Eva Gaspari, PLLC*, Brooklyn, and *Mischel & Horn, P.C.*, New York City (*Scott T. Horn* of counsel), for appel-

lant. *Law Offices of Teresa M. Spina,* Woodbury (*Emilio A. Cacace* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

Ordered that the judgment is affirmed without costs.

In this action by a provider to recover assigned first-party no-fault benefits, defendant had partially paid plaintiff's claim prior to the commencement of the action. At trial, the parties stipulated to plaintiff's prima facie case and further agreed that defendant had timely denied the unpaid portion of the claim on the ground that the charges for acupuncture treatments exceeded the maximum fees under the appropriate fee schedule. Additionally, pursuant to the parties' stipulation, the claim form and the denial of claim form were admitted into evidence. After a nonjury trial on the issue of the propriety of the fees charged, the Civil Court granted judgment to defendant dismissing the complaint, and this appeal by plaintiff ensued.

A person who seeks to practice acupuncture must be either licensed (Education Law § 8214) or certified (Education Law § 8216) to do so (*see* Education Law § 8212). The training to obtain a license remains the same even if the person seeking to practice acupuncture has a license in a different profession, such as a chiropractic license (*see* 8 NYCRR 52.16 [b]; *cf.* 8 NYCRR 52.16 [a]). Indeed, at trial, plaintiff's witness, who was both a licensed acupuncturist and a licensed chiropractor, so testified. Accordingly, in light of the licensure requirements, we hold, as a matter of law, that an insurer may use the workers' compensation fee schedule for acupuncture services performed by chiropractors to determine the amount which a licensed acupuncturist is entitled to receive for such acupuncture services (*see Great Wall Acupuncture v GEICO Gen. Ins. Co.,* 16 Misc 3d 23 [App Term, 2d & 11th Jud Dists 2007]; *see also AVA Acupuncture, P.C. v GEICO Gen. Ins. Co.,* 23 Misc 3d 140[A], 2009 NY Slip Op 51017[U] [App Term, 2d, 11th & 13th Jud Dists 2009]; *AVA Acupuncture, P.C. v GEICO Gen. Ins. Co.,* 17 Misc 3d 41 [App Term, 2d & 11th Jud Dists 2007]; Ops Gen Counsel NY Ins Dept No. 04-10-03 [Oct. 2004] [http://www.ins.state.ny.us/ogco2004/rg041003.htm (accessed Nov. 25, 2009)]). Consequently, since it is undisputed that the instant defendant reimbursed

plaintiff pursuant to the workers' compensation fee schedule for acupuncture services rendered by a chiropractor, plaintiff is not entitled to any additional reimbursement. Accordingly, the judgment dismissing the complaint is affirmed.

WESTON, J.P., RIOS and STEINHARDT, JJ., concur.