AL Acupuncture, P.C. and NY OSTEOPATHIC, P.C., as Assignees of GIORGI KURDOVANIDZE, Respondents,
against
Praetorian Insurance Company, Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Pamela L. Fisher, J.), entered February 6, 2013. The order, insofar as appealed from and as limited by the brief, denied defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is reversed with $30 costs, and defendant's cross motion for summary judgment dismissing the complaint is granted.
In this action by providers to recover assigned first-party no-fault benefits, plaintiffs moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint. The Civil Court denied the motion and cross motion but, in effect, limited the issues for trial, pursuant to CPLR 3212 (g), to defendant's defense of lack of medical necessity. As limited by its brief, defendant appeals from so much of the order as denied its motion for summary judgment.
In support of the branch of its cross motion seeking summary judgment dismissing so much of the complaint as sought to recover upon the claim by plaintiff AL Acupuncture, P.C. for services rendered August 25, 2008 through September 11, 2008, defendant established that the denial of claim form at issue had been timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). Defendant further demonstrated that it had fully paid AL Acupuncture, P.C. for these services in accordance with the workers' compensation fee schedule for acupuncture services performed by chiropractors (see Great Wall Acupuncture, P.C. v Geico Ins. Co., 26 Misc 3d 23 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). As this claim was fully paid, any issue as to the medical necessity of the claim is moot and, thus, the branch of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover upon this claim should have been granted.
In support of the branch of its cross motion seeking summary judgment dismissing the remainder of the complaint, which sought to recover upon claims which had been denied on the ground of lack of medical necessity, defendant submitted a sworn independent medical examination (IME) report, which set forth a factual basis and medical rationale for the doctor's conclusion that there was a lack of medical necessity for further treatment. Thus, defendant made a prima facie showing of its entitlement to summary judgment dismissing these claims. In opposition to this branch of defendant's cross motion, plaintiffs submitted an affidavit which failed to meaningfully refer to, let alone sufficiently rebut, the conclusions set forth in the IME report (see Pan Chiropractic, P.C. v Mercury Ins. Co., 24 Misc 3d 136[A], 2009 NY Slip Op 51495[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). In view of the foregoing, and [*2]as plaintiffs have not challenged the Civil Court's finding, in effect, that defendant is otherwise entitled to judgment on these claims, the branch of defendant's cross motion seeking summary judgment dismissing the remainder of the complaint should have been granted (see Delta Diagnostic Radiology, P.C. v Integon Natl. Ins. Co., 24 Misc 3d 136[A], 2009 NY Slip Op 51502[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; Delta Diagnostic Radiology, P.C. v American Tr. Ins. Co., 18 Misc 3d 128[A], 2007 NY Slip Op 52455[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]; A. Khodadadi Radiology, P.C. v NY Cent. Mut. Fire Ins. Co., 16 Misc 3d 131[A], 2007 NY Slip Op 51342[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]).
Accordingly, the order, insofar as appealed from, is reversed and defendant's cross motion for summary judgment dismissing the complaint is granted.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: August 18, 2016