Urban Well Acupuncture, P.C., a/a/o Zunilda Perez, Plaintiff-Respondent,
against
Erie Insurance Company of New York, Defendant-Appellant.



Defendant appeals from an order of the Civil Court of the City of New York, New York County (Paul A. Goetz, J.), entered March 12, 2015, which denied its motion for summary judgment dismissing the complaint.




Per Curiam.
Order (Paul A. Goetz, J.), entered March 12, 2015, modified by granting defendant partial summary judgment dismissing plaintiff's claim for first-party no-fault benefits billed under CPT codes 97813 and 97814; as modified, order affirmed, without costs.
The affidavits and other documentary evidence submitted by defendant established, prima facie, that it timely denied (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]) plaintiff's no-fault claims billed under CPT codes 97813 and 97814 on the ground that the amounts charged were in excess of the fees set forth in the applicable worker's compensation fee schedule (see Akita Med. Acupuncture, P.C. v Clarendon Ins. Co., 41 Misc 3d 134[A], 2013 NY Slip Op 51860[U] [App Term, 1st Dept. 2013]; Great Wall Acupuncture, P.C. v Geico Ins. Co., 26 Misc 3d 23 [App Term, 2d Dept. 2009]). In opposition, plaintiff failed to raise a triable issue as to the efficacy of defendant's mailing of the denial or the calculation of the fee pertaining to these claims. 
However, triable issues remain as to whether defendant properly denied plaintiff's claim for $70, billed under CPT code 99202 (initial evaluation), thus precluding summary judgment dismissing this claim (see Easy Care Acupuncture, P.C. v Nationwide Gen. Ins. Co., 50 Misc 3d 127[A], 2015 NY Slip Op 51849[U][App Term, 1st Dept. 2015]).

Plaintiff's remaining arguments are either unpreserved or lacking in merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 19, 2016