Charles Deng Acupuncture, P.C., as Assignee of Ambroisse, Cassandra, Appellant,
against
21st Century Insurance Company, Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
Law Office of Bryan M. Rothenberg (Sharon A. Brennan, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Carmen R. Velasquez, J.), entered July 18, 2014. The order, insofar as appealed from, denied plaintiff's motion for summary judgment and granted the branches of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover upon claims for services billed under CPT codes 97810 and 97811 and to compel disclosure.




ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which denied plaintiff's motion for summary judgment and granted the branches of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover upon claims for services billed under CPT codes 97810 and 97811, and to compel disclosure.
Contrary to plaintiff's argument on appeal, it failed to establish its prima facie entitlement to summary judgment, since the proof submitted by plaintiff failed to establish that the claims at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely denial of claim forms that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). 
Plaintiff argues that defendant failed to establish that defendant's fee reductions, which had been done in accordance with the workers' compensation fee schedule for acupuncture services performed by chiropractors, were proper. However, this court has held, "as a matter of law, that an insurer may use the workers' compensation fee schedule for acupuncture services performed by chiropractors to determine the amount which a licensed acupuncturist is entitled to receive for such acupuncture services" (Great Wall Acupuncture, P.C. v Geico Ins. Co., 26 Misc 3d 23, 24 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). Moreover, plaintiff's arguments on appeal as to defendant's proof of mailing of the denial of claim forms lack merit. 
Furthermore, plaintiff failed to object to the discovery demands at issue within the time prescribed by CPLR 3122 (a) and 3133 (a). Thus, plaintiff is obligated to produce the information sought by defendant except as to matters which are palpably improper or privileged (see Fausto v City of New York, 17 AD3d 520 [2005]; Marino v County of Nassau, 16 AD3d 628 [2005]; AVA Acupuncture, P.C. v AutoOne Ins. Co., 28 Misc 3d 134[A], 2010 NY Slip Op 51350[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). Plaintiff failed to establish that the discovery demands served by defendant seek information which is palpably improper or privileged. 
Accordingly, the order, insofar as appealed from, is affirmed. 
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 22, 2017