AL Acupuncture, P.C., as Assignee of Tamer Mobarak, Respondent, 
against
Geico Insurance Company, Appellant.




The Law Office of Printz & Goldstein (Lawrence J. Chanice, Esq.), for appellant.
Anna Rusanov, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Ingrid Joseph, J.), entered July 1, 2014. The order, insofar as appealed from, granted the branch of plaintiff's motion seeking summary judgment on so much of the complaint as sought to recover upon a claim for services rendered from September 8, 2008 to September 25, 2008, and denied defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is modified by providing that the branch of plaintiff's motion seeking summary judgment on so much of the complaint as sought to recover upon a claim for services rendered from September 8, 2008 to September 25, 2008 is denied, and the branches of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover upon claims for services rendered from July 8, 2008 to September 5, 2008 are granted; as so modified, the order, insofar as appealed from, is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint. By order entered July 1, 2014, insofar as appealed from, the Civil Court granted the branch of plaintiff's motion seeking summary judgment on so much of the complaint as sought to recover upon a claim for services rendered from September 8, 2008 to September 25, 2008, and denied defendant's cross motion.
Defendant demonstrated that it had timely denied the claims for services rendered from [*2]July 8, 2008 to September 5, 2008 (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]) and that it had fully paid plaintiff for the services at issue in those claims in accordance with the workers' compensation fee schedule for acupuncture services performed by chiropractors (see Great Wall Acupuncture, P.C. v Geico Ins. Co., 26 Misc 3d 23 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). As plaintiff failed to rebut defendant's showing, the branches of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover upon these claims should have been granted.
As to so much of the complaint as sought to recover upon a claim for services rendered from September 8, 2008 to September 25, 2008, which was denied based on the assignor's failure to appear for duly scheduled independent medical examinations (IMEs), we find that defendant is not entitled to summary judgment thereon, as the affidavit from the third-party vendor who had purportedly scheduled the IMEs in question for defendant was, according to the statement of the notary public, sworn to a year before the year of the Civil Court index number which appears on the affidavit. Thus, the Civil Court properly found that defendant had failed to establish the mailing of the IME scheduling letters. However, the branch of plaintiff's motion seeking summary judgment on so much of the complaint as sought to recover upon this claim should have been denied, as plaintiff failed to establish that the claim had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued a denial of claim that was conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order, insofar as appealed from, is modified by providing that the branch of plaintiff's motion seeking summary judgment on so much of the complaint as sought to recover upon a claim for services rendered from September 8, 2008 to September 25, 2008 is denied, and the branches of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover upon claims for services rendered from July 8, 2008 to September 5, 2008 are granted. 
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 22, 2017