Precious Acupuncture Care, P.C., as Assignee of Vorel Hopkins, Respondent,
against
GEICO General Insurance Company, Appellant.




The Law Office of Printz & Goldstein (Lawrence J. Chanice, Esq.), for appellant.
Law Offices of Ilona Finkelshteyn, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered December 16, 2014. The order, insofar as appealed from and as limited by the brief, denied the branches of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover upon claims for services rendered on March 4 and 6, 2013, and for services billed under CPT codes 97813 and 97814.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and the branches of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover upon claims for services rendered on March 4 and 6, 2013, and for services billed under CPT codes 97813 and 97814 are granted.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing so much of the complaint as sought to recover upon claims for services rendered on March 4 and 6, 2013 on the ground that those claims had been untimely submitted, and the remainder of the complaint on the ground that defendant had fully paid plaintiff for the services at issue in accordance with the workers' compensation fee schedule. Insofar as is relevant to this appeal, the Civil Court denied defendant's cross motion but found, in effect pursuant to CPLR 3212 (g), that defendant had issued timely denial of claim forms. As limited by its brief, defendant appeals [*2]from so much of the order as denied the branches of its cross motion seeking summary judgment dismissing so much of the complaint as sought to recover upon claims for services rendered on March 4 and 6, 2013, and for services billed under CPT codes 97813 and 97814.
The proof submitted by defendant in support of its cross motion was sufficient to demonstrate that it had fully paid plaintiff for the services billed under CPT codes 97813 and 97814 in accordance with the workers' compensation fee schedule for acupuncture services performed by chiropractors (see Great Wall Acupuncture, P.C. v Geico Ins. Co., 26 Misc 3d 23 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]), and that the claims for services rendered on March 4 and 6, 2013 had been untimely submitted (see 11 NYCRR § 65-1.1). Plaintiff failed to rebut those showings. As plaintiff has not challenged the Civil Court's finding, in effect, that defendant is otherwise entitled to judgment on these claims, the branches of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover upon these claims are granted.
Accordingly, the order, insofar as appealed from, is reversed and the branches of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover upon claims for services rendered on March 4 and 6, 2013, and for services billed under CPT codes 97813 and 97814 are granted.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 19, 2017