Acupuncture Now, P.C., as Assignee of Franco, Nereyda, Appellant, 
against
GEICO Ins. Co., Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
The Law Office of Printz & Goldstein (Lawrence J. Chanice, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Jodi Orlow, J.), entered February 4, 2015. The order, insofar as appealed from, denied plaintiff's motion for summary judgment, granted the branches of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover upon claims which had been denied based on the workers' compensation fee schedule, and, upon denying the branches of defendant's cross motion seeking summary judgment dismissing the remainder of the complaint, found, in effect pursuant to CPLR 3212 (g), that defendant had established the timely denials of the claims underlying that portion of the complaint.




ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from so much of an order of the Civil Court as denied plaintiff's motion for summary judgment, granted the branches of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover upon claims which had been denied based on the workers' compensation fee schedule, and, upon denying the branches of defendant's cross motion seeking summary judgment dismissing the remainder of the complaint, found, in effect pursuant to CPLR 3212 (g), that defendant had established the timely denials of the claims underlying that portion of the complaint.
Contrary to plaintiff's argument, defendant's proof established the proper mailing of the [*2]denial of claim forms at issue (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). Plaintiff's further argument regarding defendant's application of the workers' compensation fee schedule also lacks merit (see Great Wall Acupuncture, P.C. v Geico Ins. Co., 26 Misc 3d 23 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]).
Accordingly, the order, insofar as appealed from, is affirmed.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 19, 2017