Charles Deng Acupuncture, P.C., as Assignee of Doreus, Gray, Respondent,
against
New York Central Mutual Fire Insurance Company, Appellant.




Nightingale Law, P.C. (Michael S. Nightingale, Esq.), for appellant.
The Rybak Firm, PLLC (Damin J. Toell, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York Kings County (Carol Ruth Feinman, J.), entered February 17, 2015. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is modified by providing that the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon the unpaid portion of claims for services rendered from May 22, 2012 to June 22, 2012, June 27, 2012 to July 13, 2012, July 25, 2012 to August 24, 2012, and August 29, 2012 to October 24, 2012 are granted; as so modified, the order, insofar as appealed from, is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint, arguing that it had either paid plaintiff for the services at issue in accordance with the workers' compensation fee schedule or had denied the claims on the ground of lack of medical necessity. Insofar as is relevant to this appeal, the Civil Court denied defendant's motion but held, in effect pursuant to CPLR 3212 (g), that the only remaining issues for trial were medical necessity and the reduction of plaintiff's claims in accordance with the workers' compensation fee schedule for acupuncture services performed by chiropractors.
With respect to plaintiff's claims seeking to recover for services rendered from May 22, 2012 to June 22, 2012, June 27, 2012 to July 13, 2012, July 25, 2012 to August 24, 2012, and August 29, 2012 to October 24, 2012, defendant demonstrated that it had fully paid plaintiff for the services in accordance with the workers' compensation fee schedule for acupuncture services performed by chiropractors (see Great Wall Acupuncture, P.C. v Geico Ins. Co., 26 Misc 3d 23, 24 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). As defendant's prima facie showing was not rebutted by plaintiff, and as plaintiff has not challenged the Civil Court's finding, in effect, that defendant is otherwise entitled to judgment on these claims, the Civil Court should have granted the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon those claims. Defendant's contention with respect to the amount at issue on the two remaining claims lacks merit.
Defendant fails to articulate a sufficient basis to strike the Civil Court's CPLR 3212 (g) findings in plaintiff's favor (see EMC Health Prods., Inc. v Geico Ins. Co., 43 Misc 3d 139[A], 2014 NY Slip Op 50786[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]).
Accordingly, the order, insofar as appealed from, is modified by providing that the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon the unpaid portion of claims for services rendered from May 22, 2012 to June 22, 2012, June 27, 2012 to July 13, 2012, July 25, 2012 to August 24, 2012, and August 29, 2012 to October 24, 2012 are granted.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2017