Remedial Medical Care, P.C., as Assignee of Thomas Brown, Respondent,
against
Park Insurance Co., Appellant.




Gullo & Associates, LLP (Natalie Socorro of counsel), for appellant.
Kopelevich & Feldsherova, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Katherine A. Levine, J.), entered July 17, 2015. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is modified by providing that the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover on a bill for services rendered on August 23, 2012 is granted; as so modified, the order, insofar as appealed from, is affirmed, without costs. 
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint. The Civil Court denied the motion but held, in effect pursuant to CPLR 3212 (g), that defendant had established the timely mailing of its denials.
With respect to the bill for services rendered on August 23, 2012, defendant demonstrated that it had fully paid plaintiff for those services in accordance with the workers' compensation fee schedule (see Great Wall Acupuncture, P.C. v Geico Ins. Co., 26 Misc 3d 23, 24 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). As defendant's prima facie showing was not rebutted [*2]by plaintiff, and as plaintiff has not challenged the Civil Court's finding, in effect, that defendant is otherwise entitled to judgment on that claim, the Civil Court should have granted the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon this claim.
With respect to the remaining bills, plaintiff correctly argues that defendant failed to establish that the initial and follow-up letters scheduling independent medical examinations (IMEs) had been timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). As a result, defendant failed to demonstrate that the IMEs had been properly scheduled and, thus, that plaintiff's assignor had failed to appear at duly scheduled IMEs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720, 722 [2006]). Consequently, defendant is not entitled to summary judgment dismissing the remainder of the complaint.
Accordingly, the order, insofar as appealed from, is modified by providing that the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover on a bill for services rendered on August 23, 2012 is granted.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 25, 2018