Jing Luo Acupuncture, P.C., as Assignee of Sarah Adams, Respondent, 
against
NY City Transit Authority, Appellant.




Jones Jones, LLC (Agnes Neiger and Paul Ryan of counsel), for appellant.
Law Offices of Ilona Finkelshteyn, P.C. (Ilona Finkelshteyn of counsel), for respondent.

Appeals from an order of the Civil Court of the City of New York, Kings County (Ingrid Joseph, J.), entered November 5, 2015, and a judgment of that court entered December 9, 2015. The order granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment dismissing the complaint. The judgment, entered pursuant to the order, awarded plaintiff the principal sum of $1,823.86.




ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, without costs, the portions of the order that granted plaintiff's motion for summary judgment and denied the branches of defendant's cross motion seeking summary judgment on so much of the first through sixth causes of action and so much of the eighth cause of action as are based upon bills seeking to recover for claims for services billed under CPT codes 97811, 97813 and 97814 are vacated, plaintiff's motion for summary judgment is denied, and those branches of defendant's cross motion are granted.
The appeal from the order entered November 5, 2015 is dismissed because the right of direct appeal therefrom terminated with the entry of the judgment on December 9, 2015 (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]). 
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff seeks [*2]the unpaid balance of claims for acupuncture services that plaintiff rendered from August through November 2013, constituting the first through sixth and the eighth causes of action, plus the entire amount of claims for services rendered in March of 2014, constituting the seventh cause of action. Plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint on the ground that plaintiff seeks to recover sums which are in excess of the amounts permitted by the workers' compensation fee schedule. In an order entered November 5, 2015, the Civil Court granted plaintiff's motion, and denied defendant's cross motion on the ground that defendant was precluded from interposing its defense because defendant had failed to timely deny plaintiff's claims. 
Plaintiff failed to make a prima facie showing of its entitlement to summary judgment, as plaintiff failed to establish, as a matter of law, that the bills at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely denial of claim forms that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Consequently, plaintiff should not have been awarded summary judgment.
We have held, as a matter of law, that the workers' compensation fee schedule for acupuncture services performed by chiropractors is the appropriate fee schedule for insurers to use to determine the amount which a licensed acupuncturist is entitled to receive for acupuncture services (see Great Wall Acupuncture, P.C. v Geico Ins. Co., 26 Misc 3d 23 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; Great Wall Acupuncture v GEICO Gen. Ins. Co.,16 Misc 3d 23 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). As defendant argues, 11 NYCRR 65-3.8 (g) (1) (ii), effective April 1, 2013 (see 11 NYCRR 65-3.8 [g] [2]), provides that "no payment shall be due for . . . claimed medical services under any circumstances . . . for those claimed medical service fees that exceed the charges permissible pursuant to Insurance Law sections 5108 (a) and (b) and the regulations promulgated thereunder for services rendered by medical providers" (see also Oleg's Acupuncture, P.C. v Hereford Ins. Co., 58 Misc 3d 151[A], 2018 NY Slip Op 50095[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). Thus, the Civil Court incorrectly denied defendant's cross motion on the ground that defendant was precluded from interposing its fee schedule defense.
Defendant's cross motion was based solely upon the defense that it had fully paid plaintiff for the services at issue in accordance with the workers' compensation fee schedule. Defendant demonstrated that it had fully paid plaintiff in accordance with the workers' compensation fee schedule for the services billed under CPT codes 97811, 97813 and 97814 for acupuncture services that plaintiff had rendered from August through November 2013. Consequently, defendant is entitled to summary judgment dismissing so much of the first through sixth causes of action and so much of the eighth cause of action as are based upon services billed under these CPT codes. Defendant has not demonstrated, as a matter of law, its defense that the fees charged with respect to the services billed under CPT code 99262 exceeded the amounts set forth in the workers' compensation fee schedule therefor (see Rogy Med., P.C. v Mercury Cas. Co., 23 Misc 3d 132[A], 2009 NY Slip Op 50732[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). Consequently, the branches of defendant's cross motion seeking summary judgment dismissing [*3]so much of the first through sixth causes of action and so much of the eighth cause of action as are based upon services billed under CPT code 99262 were properly denied. Since defendant has not paid anything on the bill underlying the seventh cause of action, it did not establish its entitlement to summary judgment dismissing that cause of action. 
Accordingly, the judgment is reversed, the portions of the order that granted plaintiff's motion for summary judgment and denied the branches of defendant's cross motion seeking summary judgment on so much of the first through sixth causes of action and so much of the eighth cause of action as are based upon bills seeking to recover for claims for services billed under CPT codes 97811, 97813 and 97814 are vacated, plaintiff's motion for summary judgment is denied, and those branches of defendant's cross motion are granted.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 06, 2018