Essential Acupuncture Services, P.C., as Assignee of Villalona, Joe, Respondent,
against
GEICO Indemnity Co., Appellant.




Law Office of Goldstein & Flecker (Lawrence J. Chanice of counsel), for appellant.
Kopelevich & Feldsherova, P.C. (David Landfair of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Harriet L. Thompson, J.), entered September 2, 2014. The order, insofar as appealed from as limited by the brief, granted plaintiff's motion for summary judgment, and denied the branches of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover on the unpaid portions of claims for services rendered under CPT codes 97810 and 97811 from January 31, 2008 through March 4, 2008, March 5, 2008 through March 26, 2008, and April 8, 2008 through April 11, 2008, and as sought to recover for dates of service April 15, 2008 through May 13, 2008 and May 21, 2008 through June 5, 2008.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, plaintiff's motion for summary judgment is denied and the branches of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover on the unpaid portions of claims for services rendered under CPT codes 97810 and 97811 from January 31, 2008 through March 4, 2008, March 5, 2008 through March 26, 2008, and April 8, 2008 through April 11, 2008, and as sought to recover for dates of service April 15, 2008 through May 13, 2008 and May 21, 2008 through June 5, 2008 are granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from an order of the Civil Court which granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment dismissing the complaint. However, as defendant makes no argument on appeal with respect to the branches of defendant's cross [*2]motion seeking the dismissal of so much of the complaint as sought to recover for two services, which were rendered on January 31, 2008 and March 12, 2008 and billed under CPT codes 99202 and 99211, respectively, the appeal is limited and we do not review so much of the Civil Court's order as denied the branches of defendant's cross motion seeking the dismissal of so much of the complaint as sought to recover for those services.
Defendant properly argues on appeal that the affidavit plaintiff submitted in support of its motion failed to establish that the claims had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely denial of claim forms that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). As a result, plaintiff's motion for summary judgment should have been denied.
The proof submitted by defendant in support of its cross motion was sufficient to give rise to a presumption that the denial of claim forms at issue had been timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). With respect to dates of service January 31, 2008 through March 4, 2008, March 5, 2008 through March 26, 2008, and April 8, 2008 through April 11, 2008, insofar as is relevant to this appeal, plaintiff sought to recover upon claims for services billed under CPT codes 97810 and 97811, and defendant demonstrated that it had fully paid plaintiff for the services billed under those CPT codes in accordance with the workers' compensation fee schedule for acupuncture services performed by chiropractors (see Great Wall Acupuncture, P.C. v GEICO Ins. Co., 26 Misc 3d 23 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). With respect to dates of service April 15, 2008 through May 13, 2008 and May 21, 2008 through June 5, 2008, defendant submitted a sworn report from an acupuncturist who had performed an independent medical examination of plaintiff's assignor, which report set forth a factual basis and medical rationale for the acupuncturist's determination that the assignor's injuries had resolved and that there was a lack of medical necessity for the services at issue. Defendant's prima facie showing was not rebutted by plaintiff with respect to any of the aforementioned services.
Accordingly, the order, insofar as appealed from, is reversed, plaintiff's motion for summary judgment is denied and the branches of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover on the unpaid portions of claims for services rendered under CPT codes 97810 and 97811 from January 31, 2008 through March 4, 2008, March 5, 2008 through March 26, 2008, and April 8, 2008 through April 11, 2008, and as sought to recover for dates of service April 15, 2008 through May 13, 2008 and May 21, 2008 through June 5, 2008 are granted. 
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 09, 2018