BQE Acupuncture, P.C., as Assignee of Carrington, Earnel, Appellant, 
against
State Farm Mutual Automobile Ins. Co., Respondent. 




The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Picciano & Scahill, P.C. (David J. Tetlak of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Richard J. Montelione, J.), entered February 24, 2017. The order granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which granted defendant's motion for summary judgment dismissing the complaint on the ground that the amounts plaintiff sought to recover were in excess of the workers' compensation fee schedule and denied plaintiff's cross motion for summary judgment.
The proof submitted by defendant in support of its motion was sufficient to give rise to a presumption that the denial of claim forms at issue had been timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). Plaintiff argues that defendant failed to establish that defendant's fee reductions, which had been done in accordance with the workers' compensation fee schedule for acupuncture services performed by chiropractors, were proper. However, this court has held, "as a matter of law, that an insurer may use the workers' compensation fee schedule for acupuncture services performed by chiropractors to determine the amount which a licensed acupuncturist is entitled to receive for such acupuncture services" (Great Wall Acupuncture, P.C. v Geico Ins. Co., 26 Misc 3d 23, 24 [App [*2]Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]).
Accordingly, the order is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 02, 2019