Global Liberty Ins. Co. of N.Y. v North Shore Family Chiropractic, PC (2019 NY Slip Op 08942)





Global Liberty Ins. Co. of N.Y. v North Shore Family Chiropractic, PC


2019 NY Slip Op 08942


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Richter, J.P., Manzanet-Daniels, Webber, Gesmer, JJ.


10560 28391/18E

[*1] Global Liberty Insurance Co. of New York, Plaintiff-Appellant,
v
North Shore Family Chiropractic, PC as asignee of Ramon Martinez, et al., Defendants-Respondents.


The Law Office of Jason Tenenbaum, P.C., Garden City (Talia Beard of counsel), for appellant.
The Rybak Firm, PLLC, Brooklyn (Karina Barska of counsel), for respondents.



Order, Supreme Court, New York County (Tanya R. Kennedy, J.), entered on or about December 5, 2018, which, to the extent appealed from, denied plaintiffs' motion for summary judgment on their claims seeking a declaration that licensed acupuncturists are entitled to payment of no-fault insurance benefits only as set forth in the workers' compensation fee schedule for chiropractors, and an order enjoining defendants from claiming payment in litigation or arbitration under the fee schedule for physicians, unanimously affirmed, without costs.
In this action, plaintiff no-fault insurers seek to resolve, as a matter of law, the question of the fee schedule applicable to reimbursement of licensed acupuncturists who provide services to eligible individuals injured in motor vehicle accidents. Under the Insurance Law, no-fault coverage for necessary medical expenses "shall not exceed the charges permissible under the schedules prepared and established by the chairman of the workers' compensation board for industrial accidents" except under "unique circumstances" (Insurance Law § 5108[a]). Under applicable regulations, where a service is reimbursable but
the superintendent has not adopted or established a fee schedule applicable to the provider, then the permissible charge for such service shall be the prevailing fee in the geographic location of the provider subject to review by the insurer for consistency with the charges permissible for similar procedures under schedules already adopted or established (11 NYCRR 68.5[b]; see Forrest Chen Acupuncture Servs., P.C. v GEICO Ins. Co., 54 AD3d 996, 997 [2d Dept 2008], affg 15 Misc 3d 137[A], 2007 NY Slip Op 50874[U] [App Term 2d Dept 2007]). The superintendent has not adopted a fee schedule applicable to licensed acupuncturists, requiring consideration of "charges permissible for similar procedures under schedules already adopted or established" (11 NYCRR 68.5[b]).[FN1]
Plaintiffs did not proffer admissible evidence sufficient to make a prima facie showing of entitlement to judgment on the issue as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Plaintiffs rely on a 2004 informal opinion letter of the former Insurance Department, but that letter did not resolve the issue. It allows insurers to pay "the rates established for doctors and chiropractors," instead of a higher "prevailing fee in the geographic location of the provider," so long as there is a review "for consistency with the charges permissible for similar procedures" under either fee schedule (Ops Gen Counsel NY Ins Dept No. 04-10-03; see 11 NYCRR 68.5[b]). The opinion letter "did not give any guidance as to [*2]which particular fee schedule should be applied to a licensed acupuncturist in any particular instance, although the Department was aware" that "the fee schedules for acupuncture services performed by chiropractors are lower than the fee schedules for such services performed by physicians" (Great Wall Acupuncture v GEICO Gen. Ins. Co., 16 Misc 3d 23, 28 [App Term 2d Dept 2007]; see Andryeyeva v New York Health Care, Inc., 33 NY3d 152, 174 [2019] [requiring judicial deference to an "agency's rational interpretation of its own regulations"]). While courts have held that "an insurer may use the workers' compensation fee schedule for acupuncture services performed by chiropractors to determine the amount which a licensed acupuncturist is entitled to receive" (Great Wall Acupuncture, P.C. v Geico Ins. Co., 26 Misc 3d 23, 24 [App Term 2d Dept 2009] [emphasis added]; see also Akita Med. Acupuncture, P.C. v Clarendon Ins. Co., 41 Misc 3d 134[A], 2013 NY Slip Op 51860[U] [App Term 1st Dept 2013]), such holdings do not foreclose the use of the physician fee schedule in all cases (see e.g. Okslen Acupuncture P.C. v Travco Ins. Co., 44 Misc 3d 135[A], 2014 NY Slip Op 51209[U], at *1 [App Term 1st Dept 2014]; Raz Acupuncture, P.C. v AIG Indem. Ins. Co., 28 Misc 3d 127[A], 2010 NY Slip Op 51177[U], at *2 [App Term 2d Dept 2010]).
Further, plaintiffs did not "proffer sufficient evidence to establish as a matter of law that the claims were improperly billed or were in excess of the amount permitted by the fee schedule" (Easy Care Acupuncture, P.C. v A. Cent. Ins. Co., 48 Misc 3d 129[A], 2015 NY Slip Op 50973[U], at *1 [App Term 1st Dept 2015]).
In any event, defendants raised an issue of fact as to whether the physician fee schedule should apply. They rely on the former Insurance Department's regulatory impact statement accompanying its proposed 2010 rule amendment, by which it sought to clarify "inconsistent" court rulings, that "acupuncture treatments are the primary service performed and billed by licensed acupuncturists" and "such treatments merit reimbursement at the same rate that medical doctors receive for comparable services" (NY State Register, Vol. XXXII, Issue 29, at 12-13 [July 21, 2010]). They also proffered, among other things, an affidavit from a licensed acupuncturist who averred that he was consistently reimbursed by workers' compensation insurers at the physician rates, for over 15 years, which plaintiffs did not rebut.
Further, Supreme Court did not err by finding the motion for summary judgment on the issue of overbilling to be premature prior to discovery (see American Tr. Ins. Co. v Jaga Med. Servs., P.C., 128 AD3d 441, 441 [1st Dept 2015]; see also CPLR 3212[f]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK



Footnotes

Footnote 1:We join the recommendation of the Appellate Term, Second Department, that the Superintendent of Insurance consider adopting a fee schedule including licensed acupuncturists to resolve the issue