Flushing Traditional Acupuncture, P.C. v GEICO Ins. Co. (2020 NY Slip Op
51337(U))

[*1]

Flushing Traditional Acupuncture, P.C. v GEICO Ins. Co.

2020 NY Slip Op 51337(U) [69 Misc 3d 140(A)]

Decided on November 6, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 6, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-2154 K C

Flushing Traditional Acupuncture, P.C., as
Assignee of Thomas, Latecia, Appellant, 
against
GEICO Ins. Co., Respondent. 

The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Law Office of Goldstein, Flecker & Hopkins (Lawrence J. Chanice of counsel), for
respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Odessa
Kennedy, J.), entered September 12, 2018. The order, insofar as appealed from, denied the
branches of plaintiff's motion seeking summary judgment upon so much of the complaint as
sought to recover upon the unpaid portion of claims for services billed under CPT codes 97810
and 97811, and granted the branches of defendant's cross motion seeking summary judgment
dismissing so much of the complaint as sought to recover upon the unpaid portion of those
claims.

ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved
for summary judgment, and defendant cross-moved for summary judgment dismissing the
complaint, arguing that it had properly used the workers' compensation fee schedule applicable to
chiropractors who render the same services as acupuncturists to reimburse plaintiff for the
acupuncture services plaintiff had rendered. Insofar as is relevant to this appeal, the Civil Court
denied the branches of plaintiff's motion seeking summary judgment upon so much of the
complaint as sought to recover upon the unpaid portion of claims for services, rendered in 2009,
billed under CPT codes 97810 and 97811, and granted the branches of defendant's cross motion
seeking summary judgment dismissing so much of the complaint as sought to recover upon the
unpaid portion of those claims.
Contrary to plaintiff's contention, the proof submitted by defendant in support of its motion
was sufficient to give rise to a presumption that the denial of claim forms had been timely [*2]mailed (see
St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123
[2008]). Defendant further demonstrated that it had fully paid plaintiff for the services at issue in
accordance with the workers' compensation fee schedule for acupuncture services performed by
chiropractors (see Great Wall
Acupuncture, P.C. v Geico Ins. Co., 26 Misc 3d 23 [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2009]). Consequently, defendant established its entitlement to judgment as
a matter of law as to the services at issue.
Accordingly, the order, insofar as appealed from, is affirmed.
ALIOTTA, P.J., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 6, 2020